42,685-01

Mr. Able Acosta-Clerk
Court of Criminal Appeals
P.O.Box 12308--Capital Station
Austin, Texas 78711

Dear Mr.Able,                                    January 27,2015

   Please find enclosed, my motion for Evidentiary Hearing,

along with one (1) copy of said motion. Please file them as

soon as time permits. Thanks!


                                    Respectfully,

                                    *Billy W. Haynes*
                                    Mr.Billy W.Haynes
                                    TDCJ#1723231--Clements
                                    9601 Spur 591
                                    Amarillo, Texas 79107


MOTION DENIED
DATE: 6-9-15
BY: P.C.


RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 3 0 2015

Abel Acosta, C

In The Court of Criminal Appeals of Texas
Austin, Texas

Billy Wayne Haynes
  Applicant-pro se

    v.

State of Texas
  Respondant

### APPLICANTS MOTION REQUESTING A EVIDENTAIRY HEARING IN SUPPORT OF HIS WRIT OF HABEAS CORPUS 11.07

TO THE HONORABLE JUDGE(S) OF THE COURT OF CRIMINAL APPEALS:

Comes now, Billy Wayne Haynes, Applicant pro se, and files this motion requesting a live EVIDENTIARY HEARING. In support of this motion, Applicant shows the Court the following:

### I.

The State knowingly used the perjured testimony of Micah May, to secure the conviction of Applicant for the offense of murder, Tr.Ct.No.B-35,839-A, Ector County, Texas, a violation of his Fourteenth Amendment Right to Due Process. Ex parte Chabot,300 S.W.3d 768-772 (Tex.Crim.App.2009)Held:"The Due Process Clause of the Fourteenth Amendment is violated where the State knowingly uses perjured testimony to obtain a conviction". Also see; Ex parte Ghahreman,332 S.W.3d 470,483(Tex.Crim.App.2011)Held:"the due process clause of the Fourteenth Amendment is violated where the State knowingly uses perjured testimony to obtain a conviction."

United States v. Agurs,427 U.S. 97,106, 96 S.Ct.2392 (1976), The Court noted the well established rule "a conviction obtained by the knowing use of perjured testimony is fundamentally unfair, and must be set aside if there is reasonable likelihood that the false testimony could have effected the judgement of the jury".

427 U.S. at 103, 96 S.Ct. at 2397. United States v. Bagley, 473 U.S. 667-669, 105 S.Ct.3375(1985), The Supreme Court has suggested that the knowingly use of "false" testimony is treated the same as the knowingly use of perjured testimony. Counsel failed to investigate May, or his story. With a Evidentiary Hearing, Applicant will be able to show the Courts that May has never lived in a cell with him, nor did they share any common activities,i.e., work, school, recreation, religious services, nothing. Applicant has never had a conversation with May. Further, a hearing will show that May was a trusty in the jails booking/ intake area. They lived in different parts of the jail, and they never had shared activities! Applicant wqas housed in 2000 block, which is maximum security housing, he was in a seperation cell, (single cell) and was placed in cuffs and shackles anytime out of the cell, and was not allowed contact with other jail inmates.

With testimony and records obtained from the jail in a hearing, Applicant can prove his allegations, which will support his claims in his writ of habeas corpus 11.07, and therefore entitle him to relief.

## II.

State used Marcella McKinney's statement/testimony, an employee of the jail (jailer) to help secure a conviction. Again, counsel failed to investigate the States witness. With a hearing, Applicant would be able to show the Court, that her testimony was untrue, and it was not only false, but retalitory in nature.

A Evidentiary hearing, will allow Applicant to show the Court, that her claim that she was in direct control of Applicant is not

true. Her direct supervisor, Cpl.Wilson, was who was in control of Applicant. It was him who was escorting Applicant, McKinney was in the control picket at all times. There was never any kind of statement wrote by Cpl.Wilson, because it never happend.

Again, Applicant can prove his allegations with a Evidentiary Hearing, to support his application for writ of habeas corpus, and it will entitle him to relief from conviction.

### III.

Applicant will be able to show the Courts his Ineffective Assistance of Counsel claims, on both trial and appellate counsel, as stated in his writ of habeas corpus and the memorandum of law in support of his writ.

### PRAYER FOR RELIEF

Applicant respectfully moves the HONORABLE COURT to GRANT his motion requesting a live Evidentiary Hearing, and to be present at the hearing so that he may establish a record for the Court, to prove his alligations, that will entitle him to relief.

Mr.Billy W.Haynes
TDCJ#1723231    Clements
9601 Spur 591
Amarillo, Texas 79107

## CERTIFICATE OF SERVICES

I, the undersigned, hereby certify under penalty of perjury, 28 U.S.C. §§ 1746, that the foregoing, and a true and correct copy thereof, were delivered to prison officials for mailing on this the 27th day of January, 2015, in envelopes, first-class postage affixed and addressed, to wit:

State Prosecuting Attorney
P.O.Box 12405
Austin, Texas
        78711

and Ector County District Attorney
300 N.Grant RM 305
Ector County
Odessa, Texas 79761

Mr.Billy W.Haynes
TDCJ#1723231-Clements
9601 Spur 591
Amarillo, Texas 79107

Billy Wayne Haynes
  Applicant-pro se

        v.

State of Texas
  Respondant

## APPLICANTS MOTION REQUESTING A EVIDENTAIRY HEARING IN SUPPORT OF HIS WRIT OF HABEAS CORPUS 11.07

TO THE HONORABLE JUDGE(S) OF THE COURT OF CRIMINAL APPEALS:

Comes now, Billy Wayne Haynes, Applicant pro se, and files this motion requesting a live EVIDENTIARY HEARING. In support of this motion, Applicant shows the Court the following:

### I.

The State knowingly used the perjured testimony of Micah May, to secure the conviction of Applicant for the offense of murder, Tr.Ct.No.B-35,839-A, Ector County, Texas, a violation of his Fourteenth Amendment Right to Due Process. Ex parte Chabot,300 S.W.3d 768-772 (Tex.Crim.App.2009)Held:"The Due Process Clause of the Fourteenth Amendment is violated where the State knowingly uses perjured testimony to obtain a conviction". Also see; Ex parte Ghahreman,332 S.W.3d 470,483(Tex.Crim.App.2011)Held:"the due process clause of the Fourteenth Amendment is violated where the State knowingly uses perjured testimony to obtain a conviction."

United States v. Agurs,427 U.S. 97,106, 96 S.Ct.2392 (1976), The Court noted The well established rule "a conviction obtained by the knowing use of perjured testimony is fundamentally unfair, and must be set aside if there is reasonable likelihood that the false testimony could have effected the judgement of the jury".

427 U.S. at 103, 96 S.Ct. at 2397. <u>United States v. Bagley</u>, <u>473 U.S. 667-669, 105 S.Ct.3375(1985)</u>, The Supreme Court has suggested that the knowingly use of "false" testimony is treated the same as the knowingly use of perjured testimony. Counsel failed to investigate May, or his story. With a Evidentiary Hearing, Applicant will be able to show the Courts that May has never lived in a cell with him, nor did they share any common activities,i.e., work, school, recreation, religious services, nothing. Applicant has never had a conversation with May. Further, a hearing will show that May was a trusty in the jails booking/ intake area. They lived in different parts of the jail, and they never had shared activities! Applicant wqas housed in 2000 block, which is maximum security housing, he was in a seperation cell, (single cell) and was placed in cuffs and shackles anytime out of the cell, and was not allowed contact with other jail inmates.

With testimony and records obtained from the jail in a hearing, Applicant can prove his allegations, which will support his claims in his writ of habeas corpus 11.07, and therefore entitle him to relief.

## II.

State used Marcella McKinney's statement/testimony, an employee of the jail (jailer) to help secure a conviction. Again, counsel failed to investigate the States witness. With a hearing, Applicant would be able to show the Court, that her testimony was untrue, and it was not only false, but retalitory in nature.

A Evidentiary hearing, will allow Applicant to show the Court, that her claim that she was in direct control of Applicant is not

true. Her direct supervisor, Cpl.Wilson, was who was in control of Applicant. It was him who was escorting Applicant, McKinney was in the control picket at all times. There was never any kind of statement wrote by Cpl.Wilson, because it never happend.

Again, Applicant can prove his allegations with a Evidentiary Hearing, to support his application for writ of habeas corpus, and it will entitle him to relief from conviction.

## III.

Applicant will be able to show the Courts his Ineffective Assistance of Counsel claims, on both trial and appellate counsel, as stated in his writ of habeas corpus and the memorandum of law in support of his writ.

## PRAYER FOR RELIEF

Applicant respectfully moves the HONORABLE COURT to GRANT his motion requesting a live Evidentiary Hearing, and to be present at the hearing so that he may establish a record for the Court, to prove his alligations, that will entitle him to relief.

Mr.Billy W.Haynes
TDCJ#1723231   Clements
9601 Spur 591
Amarillo, Texas 79107

## CERTIFICATE OF SERVICES

I, the undersigned, hereby certify under penalty of perjury, 28 U.S.C. §§ 1746, that the foregoing, and a true and correct copy thereof, were delivered to prison officials for mailing on this the 27th day of January, 2015, in envelopes, first-class postage affixed and addressed, to wit:

State Prosecuting Attorney
P.O.Box 12405
Austin, Texas
      78711

and Ector County District Attorney
300 N.Grant RM 305
Ector County
Odessa, Texas 79761

*Billy W. Haynes*

Mr.Billy W.Haynes
TDCJ#1723231-Clements
9601 Spur 591
Amarillo, Texas 79107